*68
 
 ' Bx the Court.
 

 The grant issued in 1792, to Ris-don Nicholson, enured by way of estoppel to the benefit of those claiming under him by conveyances made anterior to that time ; and the conveyance to Jacob Langs-ton being prior in time to the conveyance to Daughtry, would prevail, were it not for the seven years adverse possession which those claiming under Daughtry have had pf the lands. This possession would bar the right of entry of the lessor of the Plaintiff, if the grant had relation back, so as to vest the legal title in any one having a conveyance from Nicholson anterior to the issuing of the grant. But could the grant relate back so as to produce such effect ? As between Nicholson and either the lessor of the Plaintiff or the Defendant, the grant shall be considered as producing this effect; for as to the first, Nicholson would be estopped by his deed of 1780, from denying that he had not the legal title, to the lands at that time j and as to the second, he would bo in like manner estopped from denying that he had not the legal title to the lands in 1784. But the estoppel operates only between parties and privies. There is no privity between the lessor of the Plaintiff and the Defendant j and what is the title which the lessor of the Plaintiff sets up ? A deed from a man who at the time he made it, had no title that a Court of Law can take notice of j he had a mere entry, and the legal title remained in the State for twelve years afterwards. This title would by way of estoppel prevail .against Nicholson, were he the Defendant; but it shall prevail in this Court against no one else. The condition of the Defendant would be the same as that of the lessor of the Plaintiff, were he out of possession and should bring suit to recover it. He could recover against no one, in an ejectment, except Nicholson. So that
 
 quacimque via
 
 data, the Plaintiff cannot recover.